**James A. TAYLOR, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 3–1178A307.**

Court of Appeals of Indiana, Third District.

June 28, 1979.

Harriette Bailey Conn, Public Defender, Marcia L. Dumond, and David P. Freund, Deputy Public Defenders, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

James A. Taylor was charged with robbery; but, pursuant to a plea agreement, he pled guilty to attempted theft, a class D felony.[1] In accordance with the provisions of IC 1971, 35–50–2–7 (Burns 1979 Repl.), he was sentenced to a prison term of four years.

The sole issue in this appeal is whether that sentence is excessive.

Taylor's attack on his sentence is focused on the court's use of the following worksheet at the time of sentencing:

1. *See:* IC 1971, 35–41–5–1 (Burns 1979 Repl.) and IC 1971, 35–43–4–2 (Burns 1979 Repl.).

"FELONY SENTENCING WORKSHEET

## "A. OFFENSE RATING

"1. CLASS OF OFFENSE
Assess points only for most serious offense
Class A felony = 4 points
Class B felony = 3 points
Class C felony = 2 points
Class D felony = 1 point

    1

"2. MULTIPLE OFFENSES: If offender is being sentenced for two or more offenses or counts, assess 2 points

_____

"3. CULPABILITY AND HARM: If the offense was committed: (a) purposely (b) *knowingly* (c) recklessly AND, if one of the offenses involved: (a) actual or potential serious bodily injury; OR (b) actual or potential gain, damage, or loss of $300 or more; OR (c) use, threatened use, or *attempted use of a deadly weapon,* assess 2 points

    2

"4. AGGRAVATION: If offender was engaging in continuing criminal activity as a source of income or livelihood; OR, if offense was part of a continuing criminal conspiracy to which offender was party; assess 4 points

    4

"If none of the foregoing apply, but offender used extraordinary care to plan offense assess 2 points

_____

"5. MITIGATION: If there was substantial provocation, justification, or excuse for offense, or if victim knowingly induced or facilitated it, deduct 2 points

_____

"If none of the foregoing apply, but offense was committed in the heat of anger or under extreme emotional stress, deduct 1 point

_____

"NET TOTAL OFFENSE
  RATING        7

## "B. OFFENDER RATING

"1. PRIOR CONVICTIONS: For each prior felony conviction, juvenile and adult, any jurisdiction, assess 2 points

    4

For each prior misdemeanor conviction, juvenile and adult, any jurisdiction, other than petty traffic and intoxication offenses or infractions or violations of penal ordinances, assess 1 point

    3

"2. REPEAT OFFENSES: If present offense is an offense of violence, and offender has prior convictions for same type of offense, assess 1 point

_____

"3. PRIOR JAIL TIME: If offender has served time on any prior felony convictions, juvenile or adult any jurisdiction, assess 2 points

    2

"If offender has served time only on misdemeanor convictions, juvenile or adult, any jurisdiction, assess 1 point

    1

"4. PAROLE AND SIMILAR VIOLATIONS: If present offense was committed while offender was on probation, parole, free on bail, on work release, or serving an intermittent sentence, assess 2 points OR

"If present offense was committed while offender was in actual custody, or being treated as a drug abuser or criminal sexual deviant in lieu of imprisonment, assess 2 points

_____

"If offender has previously had probation or parole revoked, assess 2 points

_____

"5. CREDITS: Deduct 1 point for each, if offender: (a) voluntarily made realistic arrangements to make at least partial restitution (b) was age 25 or older at time of first conviction

for serious offense (c) has been substantially law-abiding for 5 years

"NET TOTAL OFFENDER
RATING                    10"

Taylor argues that his sentence should be revised because the trial court fixed his sentence, not upon its own independent review and assessment of the facts, but upon the basis of this worksheet (as completed by the probation officer) and the sentencing guidelines associated therewith.

Contrary to Taylor's assertions, the record clearly shows that the trial court made an examination of all relevant matters before it imposed the four-year sentence. A comprehensive diagnostic report, submitted to the trial court before sentencing, included a psychologist's evaluation, a presentence investigator's evaluation, and a six-page summary of data relevant to Taylor, his background and his prior record. The sentencing worksheet and guidelines merely supplemented this information.

The record here does not suggest that the trial court treated the recommendation of the sentencing guidelines as binding, nor does it indicate that those guidelines were anything more than a tool which permitted the court to determine the proper sentence from objective facts.[2] Rather, it clearly shows that the court considered both the report and the guidelines when it imposed the four-year sentence.

A number of sentencing criteria are enumerated in IC 1971, 35–4.1–4–7 (Burns 1979 Repl.), and the record here shows that several of the statutory criteria were relied upon by the trial court when it imposed upon Taylor a sentence of four years in prison. The court's sentencing order reads, in pertinent part, as follows:

"And now the Court FINDS that the Defendant is 21 years of age; *the Court FINDS that the Defendant has a history of criminal activity, including juvenile offenses; that the Defendant is in need of correctional treatment that can best be provided by his commitment to a penal facility; that imposition of a reduced sentence or suspension of a sentence and imposition of probation would depreciate the seriousness of the crime*; that the Defendant has not shown remorse or contriteness for this crime and that, therefore, the aggravating circumstances far outweigh any mitigating circumstances that may be present.

"WHEREFORE, the Court IMPOSES a term of four [4] years, which is a standard term of two [2] years, plus two [2] years added for aggravating circumstances, and, in addition, Defendant is fined in the penal sum of $100.00 and the costs of this action. And FURTHER, the Court FINDS that no period of said sentence should be suspended." (Emphasis supplied.)

In view of the circumstances enumerated in the trial court's order, a finding by this Court that no reasonable person could find Taylor's sentence appropriate to him and to the offense to which he pled guilty would plainly be unwarranted. Consequently, this Court cannot revise Taylor's sentence; for, Rules for the Appellate Review of Sentences, Rule 2, provides that:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

"(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

*See: Gardner v. State* (1979), Ind., 388 N.E.2d 513.

Under this standard, Taylor has failed to demonstrate that his sentence was manifestly unreasonable. He is not, therefore, entitled to any revision of that sentence.

Accordingly, the order of the trial court must be affirmed.

Affirmed.

GARRARD, P. J ., and STATON, J., concur.

2.  The use of such guidelines may also serve to promote uniformity of sentencing.