**Willie E. LANE, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 481S113.**

Supreme Court of Indiana.

Aug. 5, 1983.

Michael A. Dvorak, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., James W. Turpen, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On October 15, 1980, Defendant-Appellant Willie E. Lane, Jr., was found guilty by a jury in the St. Joseph Superior Court of burglary, a class B felony. On November 6, 1980, Appellant was sentenced by the trial judge to a term of fourteen years imprisonment. Two issues are presented for our review in this direct appeal as follows: 1. alleged error of the trial court in failing to read and submit to the jury *sua sponte* an instruction regarding the lesser included offense of theft, a class D felony; and 2. alleged improper sentencing of Appellant by the trial judge.

On August 7, 1980, the sixty-nine year old victim locked all the doors and windows of her home in preparation for leaving to go to work at about 9:45 a.m. Later in the day, a fifteen-year-old neighbor boy was relaxing in his bedroom which faced the victim's residence when he heard a crashing noise and looked out the window to see an arm closing the rear screen door of the victim's home. The intruder was wearing a blue, short-sleeved shirt. The young boy called the victim's home. Someone picked up the phone but did not speak when asked by the boy to respond. He said he could hear commotion in the background but the person holding the phone did not speak to him. The police were called at 1:26 p.m. and quickly responded. They found the rear door to the victim's residence standing ajar but found no one inside the house. The police conducted a search and then left the premises. Approximately one-half hour after the police left, the neighbor boy's father, George Krause, saw a man on the back porch of the victim's home. The man was observed closing the door with his hand on the knob and holding a brown paper sack in his left arm. The man was wearing a blue shirt and denim trousers. The police were again called at 2:05 p.m. Appellant was observed for some distance by George Krause, who indicated to the police where Appellant went. When Appellant subsequently was apprehended in the victim's neighborhood, he was wearing clothing that matched the description of Krause and his

son and was carrying a sack of household goods. The sack contained an electric fan, a clock-radio, a small chest containing coins, a small box containing a bracelet and key, and a cosmetic box. The victim identified these items as hers and indicated that they were taken from her upstairs bedroom. Appellant was identified by George Krause as the man who was seen leaving the burgled residence. Appellant claimed that he did not commit the burglary but had bought the bag of merchandise from "some dude" who was carrying it along Colfax Street and sold it to Appellant for $15.

I

Appellant was charged and convicted of burglary. He now claims that the trial court committed reversible error by failing to *sua sponte* instruct the jury on theft as a lesser included offense of burglary. Appellant does not deny that he failed to submit an instruction in writing on this issue. It is well settled that failure to tender an instruction in writing waives the error, if any, of not giving a particular instruction. *Begley v. State,* (1981) Ind., 416 N.E.2d 824. Appellant accordingly waived this issue and we will not consider it further.

II

Appellant argues that the trial court failed to recite reasons to support its imposition of an aggravated sentence of fourteen years when the presumptive sentence for class B felony burglary is ten years. The State contends that the trial court amply complied with the requirements of Ind.Code § 35–4.1–4–7 [(§ 35–50–1A–7 (Burns 1979)]. In *Gardner v. State,* (1979) 270 Ind. 627, 388 N.E.2d 513, we held that when a judge increases or decreases a basic sentence, suspends a sentence, or imposes consecutive terms of imprisonment, the record should disclose what factors were considered by the judge to be mitigating or aggravating circumstances. We further provided in *Page v. State,* (1980) Ind., 410 N.E.2d 1304, *on remand* (1981) Ind., 424 N.E.2d 1021, *on remand*

(1982) Ind., 442 N.E.2d 977, *reh. denied* (1983), that the trial judge is confined to certain proper grounds for either increasing or decreasing a presumptive sentence and must state which of said grounds was relied upon to enable the reviewing court to determine the reasonableness of the sentence imposed. As a reviewing court, we will not revise a sentence authorized by statute except when such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.R.App.Rev.Sen. 2(1). The purpose of the trial judge's statement on the record is to contribute to the rationality and consistency of sentences and to promote an understanding of why the particular sentence was imposed. *Spinks v. State,* (1982) Ind., 437 N.E.2d 963, *Abercrombie v. State,* (1981) Ind., 417 N.E.2d 316, *on remand* (1982) Ind., 441 N.E.2d 442.

In sentencing Appellant, the instant trial judge found no mitigating circumstances. He referred to Appellant's criminal record as stated in the pre-sentence report which showed both juvenile charges and adult criminal convictions. One felony conviction was for first-degree burglary, reduced by plea agreement to entering to commit a felony. The pre-sentence report also indicated that Appellant was involved in burglarizing a home while on probation. The trial court referred to the elderly age of the victim and to the heinousness of crimes such as the instant one with the potential for danger to elderly people in their homes. The trial judge indicated that he felt Appellant needed to be incarcerated and that he hoped confinement would straighten Appellant out. The trial judge stated that he felt deterrence to others like Appellant was a legitimate sentencing objective. He also indicated that a lesser sentence for Appellant would depreciate the seriousness of his crime, particularly since Appellant previously failed to respond to suspended or less severe sentences. The trial judge properly utilized the sentencing statute and sufficiently gave on the record his reasons for imposing the sentence he did pursuant to *Gardner, supra.* The instant sentencing statement was more than the

mere recital of statutory factors deemed insufficient in *Limp v. State,* (1982) Ind., 431 N.E.2d 784. We do not find Appellant's sentence to be manifestly unreasonable in light of the nature of the offense and the character of the offender.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.