## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 17 2019, 10:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Keegan M. Kinzer, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 17, 2019 <br><br> Court of Appeals Case No. <br> 19A-CR-843 <br><br> Appeal from the <br> Allen Superior Court <br><br> The Honorable <br> Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D05-1808-F6-971 |

**Kirsch, Judge.**

[1] Keegan M. Kinzer ("Kinzer") pleaded guilty to possession of methamphetamine,[1] a Level 6 felony, and possession of paraphernalia[2] as a Class C misdemeanor. The trial court imposed an enhanced sentence of two years for the possession of methamphetamine conviction concurrent with the advisory sentence of six months for the possession of paraphernalia conviction, resulting in an aggregate sentence of two years. On appeal, Kinzer raises two issues which we restate as follows:

> I. Whether Kinzer's right to due process was violated by the trial court's failure to address his arguments that the pre-sentence investigation report ("PSIR") contained inaccurate information; and

> II. Whether Kinzer's enhanced sentence for possession of methamphetamine is inappropriate.

[2] We affirm.

## Facts and Procedural History

[3] On August 10, 2018, Officer Shannon Hughes ("Officer Hughes") of the Fort Wayne Police Department observed a red Pontiac ("the Pontiac") make a turn without using a turn signal. *Appellant's Conf. App. Vol. II* at 14. The Pontiac later cut off Officer Hughes while making another turn. *Id.* Officer Hughes

---

[1] *See* Ind. Code § 35-48-4-6.1(a).

[2] *See* Ind. Code § 35-48-4-8.3(b)(1).

initiated a traffic stop and smelled raw marijuana coming from inside the Pontiac. *Id.* During a search of the Pontiac, Officer Hughes found small plastic baggies that contained methamphetamine. *Id*. Officer Hughes also found a "meth" pipe in a black backpack that Kinzer had on him. *Id.*

[4] On August 16, 2018, Kinzer was charged with Count I, Level 6 felony possession of methamphetamine, and Count II, Class C misdemeanor possession of paraphernalia. *Appellant's App. Vol. II* at 12-13. On September 17, 2018, Kinzer pleaded guilty to both counts and was placed into the Drug Court Diversion Program ("the Drug Court Program"). *Tr. Vol. 2* at 4-9. On February 18, 2019, the probation department filed a petition to terminate Kinzer's participation in the Drug Court Program, alleging, in part, that Kinzer was unsuccessfully discharged from Freedom House, a residential treatment facility. *Appellant's App. Vol. II* at 16-17. The trial court found that Kinzer had violated the terms of the Drug Court Program and revoked him from participation in the program. *Id*. at 18.

[5] On March 20, 2019, the trial court held a sentencing hearing. *Tr. Vol. 2* at 13-22. At that hearing, Kinzer challenged three findings in his PSIR. First, he challenged a 2011 California felony conviction for false imprisonment. He did not argue that he was not charged with false imprisonment but claimed the charge was eventually dismissed. *Id.* at 14. The entry on the PSIR for the false imprisonment conviction, however, lists a cause number for the conviction and the date that Kinzer was sentenced. *Appellant's Conf. App. Vol. II* at 24. Second, Kinzer argued that he was actually convicted of only one of the two California

misdemeanor convictions for driving while under the influence listed in the PSIR. *Tr. Vol. 2* at 14. The entries in the PSIR for those two convictions, however, set out the cause number for the convictions and the date that Kinzer was sentenced. *Appellant's Conf. App. Vol. II* at 23. Third, Kinzer argued that the PSIR was inaccurate in showing that he had missed three drug screens. *Tr. Vol. 2* at 14. Those failed drug screens led to Kinzer's unsuccessful discharge from Freedom House. *Appellant's Conf. App. Vol. II* at 27. Kinzer did not dispute the following facts listed in the PSIR: a) his three of his felony convictions; b) his twelve prior misdemeanor convictions; and c) his four failed drug screens. Kinzer also did not dispute his multiple failed attempts at rehabilitation between 2012 and 2018.

[6] In imposing sentence, the trial court stated,

> The Court does find as an aggravating circumstance your criminal record with failed efforts at rehabilitation covering a period of time from 2012 to 2018, where you are a multi-state and multi-county offender, having convictions in Indiana, California, Texas, and Florida. You've got either 12 or 14 misdemeanor convictions, you've got three or four felony convictions. You've been given the benefit of short jail sentences, longer jail sentences, probation, work release, multiple attempts at counseling, and then, ultimately, the Drug Court Program.

*Tr. Vol. 2.* at 20. The trial court sentenced Kinzer to an enhanced term of two years for the Level 6 felony conviction for possession of methamphetamine and sixty days, the advisory sentence, for the Class C misdemeanor conviction for

possession of paraphernalia, and ordered Kinzer to serve the terms concurrently for an aggregate sentence of two years. *Id*. at 20-21; *Appellant's App. Vol. II* at 32. Kinzer now appeals.

# Discussion and Decision

## I. Sentence Based on Inaccurate Information

[7] Kinzer argues that the trial court abused its discretion by not addressing his claim that some of the information in the PSIR was inaccurate. He specifically claims that, as to his California criminal record, he was charged but not convicted of false imprisonment and that he had only one, not two, convictions for driving while under the influence. Kinzer also disputes the finding in the PSIR that he missed three drug screens. Kinzer asks us to remand this case and direct the trial court to hold a hearing to make "a determination as to the factual issues raised by Kinzer prior to the sentencing decision." *Appellant's Br.* at 11-12. Without correction on remand, Kinzer argues that his sentence is based on inaccurate information.

[8] A defendant is entitled to be sentenced on accurate information, and a sentence based on materially untrue assumptions violates due process. *Flinn v. State*, 563 N.E.2d 536, 544 (Ind. 1990) (citing *Gardner v. State*, 270 Ind. 627, 638, 388 N.E.2d 513, 520 (1979)). "Due process concerns are satisfied when defendant is given the right to refute any inaccurate part of the report and the trial court lists the reasons for imposing a particular sentence." *Lang v. State*, 461 N.E.2d 1110, 1115 (Ind. 1984); *see also Dillard v. State*, 827 N.E.2d 570, 576 (Ind. Ct.

App. 2005), *trans. denied*. A PSIR may constitute an adequate evidentiary foundation to support findings related to criminal history. *Id.*

> The [pre-sentence] report itself is a theoretically neutral document of the probation department, and the assertions in the report will be accepted as true unless challenged by the defendant. Therefore, the initial burden of production would rest with the defendant in disputing the information contained within the report. Whether the defendant would be required to produce evidence or merely deny the information would depend upon whether the information consists of supported *or naked allegations.*

*Gardner*, 388 N.E.2d at 517-18 (emphasis added). The defendant's burden does not include providing documentation to prove a non-existent crime, i.e., a defendant is not required to prove a negative. *Carmona v. State*, 827 N.E.2d 588, 599 (Ind. Ct. App. 2005).

[9] The burden shifts to the State once a defendant "vigorously contests his criminal history, and that criminal history is highly relevant to his sentence." *Id.* At that point, "it is incumbent upon the State to produce some affirmative evidence, *e.g.*, docket sheets, certified copies of judgment of convictions, affidavits from appropriate officials, etc., to support a criminal history alleged in a PSI and urged as the basis for sentence enhancement." *Id.*; *see also Dillard*, 827 N.E.2d at 577.

[10] Here, the trial court did not abuse its discretion in failing to address Kinzer's argument that the PSIR contained inaccurate information regarding his prior

convictions.[3] Kinzer did not satisfy his burden of proof, and he did not shift the burden of proof to the State to provide documentation, other than the PSIR, to prove the disputed convictions. *See Gardner*, 388 N.E.2d at 517-18 (a naked assertion that the PSIR is not accurate does not satisfy a defendant's burden); *Carmona*, 827 N.E.2d at 599. ("Whether the defendant would be required to produce evidence or merely deny the information would depend upon whether the information consists of supported or naked allegations."). Because Kinzer's challenge to the contents of the PSIR was a naked challenge in which Kinzer's attorney only made a verbal assertion at the sentencing hearing about the PSIR, Kinzer failed to shift the burden of proof to the State.

[11] In finding that Kinzer did not meet his burden, we are not tasking Kinzer with the onerous burden of "proving a negative." *See Carmona*, 827 N.E.2d at 599. In *Carmona*, we found that in trying to prove that one of his alleged convictions did not exist, Carmona was placed in the impossible position of proving a negative because there was no specific, identifiable cause number for the challenged conviction. 827 N.E.2d at 597-98. Kinzer's situation, however, is more like the situation in *Green v. State*, where we stated,

> Here, unlike in *Carmona,* Green challenged his past conviction
> for domestic violence, *a specific case identified by a specific case*

---

[3] We find it unnecessary to address Kinzer's claim that the trial court failed to address his argument that the PSIR was inaccurate in stating that Kinzer missed three drug screens. There is no evidence that the trial court relied on evidence of missed drug tests when it imposed Kinzer's sentence. *See Malone v. State*, 660 N.E.2d 619, 633 (Ind. Ct. App. 1996), *disapproved on other grounds by Winegart v. State*, 665 N.E.2d 893 (Ind. 1996), *trans. denied*.

*number*, by making the unsubstantiated assertion that it was in fact a conviction for nonviolent disorderly conduct. The State did not place Green in the difficult position it placed the *Carmona* defendant in, namely having to prove a crime did not happen for it to be removed from his record.

850 N.E.2d 977, 989 (Ind. Ct. App. 2006) (emphasis added), *trans. granted, opinion vacated in part but aff'd in relevant part*. As in *Green*, the disputed convictions in Kinzer's PSIR have identifiable cause numbers. *Appellant's Conf. App. Vol. II* at 23, 24. The PSIR also listed the date of sentencing for both convictions. *Id*. This was enough information to help Kinzer investigate the disputed convictions and search for evidence that the PSIR was inaccurate as to those convictions.

Kinzer argues that he met his burden, because the disputed convictions were "highly relevant" to his sentence. *See Carmona*, 827 N.E.2d at 599. We reject this argument because Kinzer has not disputed the following information recited in the PSIR: his three prior felony convictions, his twelve prior misdemeanor convictions; his four failed drug screens; and his numerous failures at rehabilitation. Thus, contrary to Kinzer's argument, the two disputed convictions were not "highly relevant" to Kinzer's sentence but were, at most, marginally relevant to his sentence. *See White v. State*, 756 N.E.2d 1057, 1063 (Ind. Ct. App. 2001) ("[T]he unchallenged information in the pre-sentence report alone is enough to support the trial court's exercise of discretion."), *trans. denied*; *Malone*, 660 N.E.2d at 633 ("[T]he enhanced sentence did not rest solely on the challenged conviction; Malone had

numerous criminal convictions to support the imposition of an enhanced sentence."). Thus, the burden did not shift to the State to produce evidence outside of the PSIR to prove the validity of the disputed convictions. Accordingly, the trial court did not abuse its discretion in failing to address Kinzer's argument that the PSIR contained incorrect information, and, consequently, it did not deny Kinzer's right to have his sentence based on accurate information. Accordingly, we decline Kinzer's request that we remand this matter to the trial court for a hearing to address Kinzer's claim that the PSIR is inaccurate.

## II.    Inappropriate Sentence

[14]    Kinzer also argues that his enhanced sentence of two years for his Level 6 felony conviction for possession of methamphetamine is inappropriate. The advisory sentence for a Level 6 felony is one year. *See* Ind. Code § 35-50-2-7(b). Kinzer asks us to reduce this sentence to one year. Kinzer does not ask us to reduce his six-month sentence for possession of paraphernalia, the advisory sentence for Class C misdemeanors. *See* Ind. Code § 35-50-3-4.

[15]    Under Indiana Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate considering the nature of the offense and the character of the offender. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). The "nature of offense" compares the defendant's actions with the required showing to sustain a conviction under the charged offense, *Cardwell v.*

*State*, 895 N.E.2d 1219, 1224 (Ind. 2008), while the "character of the offender" permits a broader consideration of the defendant's character. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. Whether a sentence is inappropriate turns on the culpability of the defendant, the severity of the crime, the damage done to others, and other factors that come to light in each case. *Cardwell*, 895 N.E.2d at 1224.

[16] We consider not only the aggravators and mitigators found by the trial court but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). We defer to the trial court's decision, and our goal is to determine whether the appellant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). When we review a sentence, we seek to leaven the outliers, not to achieve a perceived correct result. *Cardwell*, 895 N.E.2d at 1225.

[17] As to the nature of the offense, Kinzer's entire argument consists of the following: "There does not appear to be anything about the offense that is either mitigating or aggravating as a circumstance and the Court did not make any such findings. So, regarding the nature of the offense, the needle hasn't been moved one way or the other from the one (1) year advisory starting point."

*Appellant's Br.* at 13-14. Kinzer's argument about the nature of his offense is devoid of substance and analysis, and he has failed to provide citation to relevant authority or to make cogent argument, as required under Indiana Appellate Rule 46(A)(8). *See Lacey v. State*, 124 N.E.3d 1253, 1257 (Ind. Ct. App. 2019). Accordingly, we find he has waived this issue

[18] As to his character, Kinzer acknowledges his substantial criminal history, but he argues that other factors reflect well on his character. He cites the following: the fact that he pleaded guilty; his remorse; his successful completion of one drug treatment program; his strong support system; his education and work history; and his struggles with drug addiction. *Tr. Vol. 2* at 14-16.

[19] The evidence undermining Kinzer's argument about his character is overwhelming. The significance of criminal history includes the number of prior convictions. *Pelissier v. State*, 122 N.E.3d 983, 990 (Ind. Ct. App. 2019), *trans. denied.* Here, Kinzer's extensive criminal history includes convictions for at least three felonies and at least twelve misdemeanors. *Appellant's Conf. App. Vol. II* at 22-26. At least seven of those convictions are for crimes involving violence. *Id*. at 22-25. Kinzer's guilty plea also does not necessarily reflect well on his character because considering the weight of the evidence against him, Kinzer's guilty plea was more likely the result of pragmatism than a decision to accept responsibility for his crimes. *See Flickner v. State*, 908 N.E.2d 270, 274 (Ind. Ct. App. 2009). Moreover, Kinzer's remorse was overshadowed by his flagrant violations of the terms of the Drug Court Program, including his four failed drug screens and his unsuccessful discharge from his residential treatment

program at Freedom House. *See Kunberger v. State*, 46 N.E.3d 966, 974 (Ind. Ct. App. 2015) (flagrant violations of no-contact order did not reflect well on defendant's character). The failed drug screens and unsuccessful discharge from Freedom House convince us that, under these circumstances, Kinzer's addictions do not reflect well on his character. Finally, the fact that Kinzer's probation had been revoked twice before also reflects poorly on his character. *Appellant's Conf. App. Vol. II* at 22, 23, 25, 28. *See Yoakum v. State*, 95 N.E.3d 169, 176 (Ind. Ct. App. 2018) (defendant's revocation of probation four times did not reflect well on his character), *trans. denied*.

[20] Kinzer has failed to show that his sentence is inappropriate considering his character, and we decline his request to reduce his sentence for his conviction for possession of methamphetamine to one year.

[21] Affirmed.

Baker, J., and Crone, J., concur.