**Charles L. MARQUESS, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–1080A287.**

Court of Appeals of Indiana, First District.

March 3, 1981.

John L. Ashbury, McFaddin & McFaddin, Rockville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

## STATEMENT OF THE CASE

NEAL, Presiding Judge.

Defendant-appellant Charles L. Marquess (Marquess) was convicted by a jury on four counts of child molesting, a Class C felony under Ind.Code 35–42–4–3(c) (Supp.1979). The trial court sentenced Marquess to serve concurrent eight year terms on each count. The basic sentence for a Class C felony is five years; the trial court added three years to the basic sentence for aggravating circumstances. Marquess appeals his sentence arguing that the trial court erred by not entering findings that support an increased sentence.

We remand.

## STATEMENT OF THE FACTS

A summary of the facts most favorable to the judgment shows that following a jury's verdict convicting Marquess on four counts of child molesting and after the probation department had prepared and filed a pre-sentence investigation report with the court, the sentencing hearing was held. During that hearing, the trial court heard statements from the prosecutor, probation officer, Marquess' attorney and Marquess. The prosecutor presented reasons which supported a finding of aggravated circum-stances, and they were: that the crime threatened serious harm to persons; that the crime was a result of circumstances that occurred several times; that Marquess induced or facilitated the offense; that there are no grounds upon which to justify the offense; that Marquess did not act under strong provocation; that the offense is a heinous crime; and that Marquess has a previous history of delinquency and criminal activity.

The pre-sentence investigation report filed by the probation officer, Dan West, includes Marquess' previous offenses which were: contributing to the delinquency of a minor, vandalism and speeding. At the sentencing hearing, West testified that at the time of the amended date of the offense, given on the charging statement as September 15, 1979, one female victim was only eleven years old, her date of birth being September 20, 1967. Marquess was charged and convicted of a Class C felony crime wherein the victim is a child between the ages of twelve and sixteen. The prose-cutor argued at the sentencing hearing that one who molests an eleven year old child commits a Class B felony which carries an even stiffer penalty.

Subsequent to final remarks by the prose-cutor, Marquess' attorney and Marquess, the trial judge sentenced Marquess to serve an eight year term giving the following reason:

"The reason for the imposition of the sentence by the Court is that the Court has found, for the record, that the aggra-vating circumstances surrounding these crimes of which you have been convicted by a jury outweigh the mitigating cir-cumstances and warrant an increase in the pronouncement of sentence and the imposition of sentence."

## ISSUE

Marquess presents a single issue for our review:

Whether the trial court erred by imposing an additional three year sentence above the basic five year penalty for a Class C felony when no specific findings of aggravating circumstances were given.

## DISCUSSION AND DECISION

Ind.Code 35–4.1–4–3 (Supp.1978) provides:

"Sentencing Hearing in Felony Cases. Before sentencing a person for a felony the court must conduct a hearing to consider the facts and circumstances relevant to sentencing. The person is entitled to subpoena and call witnesses and otherwise to present information in his own behalf. *The court shall make a record of the hearing, including*:

(1) a transcript of the hearing;

(2) a copy of the presentence report; and

(3) *if the court finds aggravating circumstances or mitigating circumstances, a statement of the court's reasons for selecting the sentence that it imposes.*" (Emphasis added.)

Furthermore, we note, under Ind.Code 353–4.1–4–7(c), (d), factors which the court may consider as aggravating circumstances; the statute provides:

"(c) The court may consider these factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment:

(1) The person has recently violated the conditions of any probation, parole, or pardon granted him.

(2) The person has a history of criminal activity.

(3) The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.

(4) Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.

(5) The victim of the crime was sixty-five (65) years of age or older.

(6) The victim of the crime was mentally or physically infirm.

(d) The criteria listed in subsections (b) and (c) of this section do not limit the matters that the court may consider in determining the sentence."

As Marquess has cited in his appellant's brief, our Supreme Court, in *Page v. State,* (1980) Ind., 410 N.E.2d 1304, 1307–8, *sua sponte,* stated:

"Ind.Code § 35–4.1–4–3 (Burns § 35–40–1A–3) *requires the trial court to make a record of the sentencing hearing, including* '* * * a statement of the court's reasons for selecting the sentence that it imposes,' if it finds aggravating circumstances.* The purpose of such statute is to confine the judge to proper grounds for either increasing or decreasing the presumptive or basic sentence provided for the offense and to enable this Court to determine the reasonableness of the sentence imposed, under the circumstances.

'* * * when a judge increases or decreases the basic sentence, suspends the sentence, or imposes consecutive terms of imprisonment, the record should disclose that factors were considered by the judge to be mitigating or aggravating circumstances. The scope of review for sentences is now defined within our Rules for the Appellate Review of Sentences: "2(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." ' *Gardner v. State,* (1979) Ind., 388 N.E.2d 513, 517.

The sentencing record before us contains no statement concerning aggravating circumstances to support the imposition of the enhanced sentence, as required by the statute." (Emphasis added.)

While the trial court, at the sentencing hearing, pronounced that "aggravating circumstances ... outweigh the mitigating circumstances," it did not proffer any particular reasons in support of its finding aggravating circumstances as Ind.Code 35–4.1–4–3 requires. The court's given reason amounts to a *conclusion only.* The trial judge must justify the added sentence with a statement of particular facts and circumstances which he considered in finding aggravating circumstances. These reasons or factors may be the same as those listed under Ind.Code 35–4.1–4–7(c) or may be

other matters the trial court considered in arriving at the conclusion that aggravating circumstances exist.

Because the trial court did not issue reasons for increasing Marquess' basic sentence, we remand the cause with instructions that the trial court enter its reasons. Moreover, if no reasons are forthcoming then the trial court is instructed to reduce Marquess' sentence to the basic term of five years. In all other respects the judgment is affirmed.

Affirmed.

ROBERTSON and RATLIFF, JJ., concur.