**Mitchell Allen TUCKER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1281S345.**

Supreme Court of Indiana.

Jan. 21, 1983.

Dennis Brinkmeyer, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., William E. Dailey, Chief Counsel, Asst. Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant-appellant, Mitchell Allen Tucker, was originally charged with attempted murder, a class A felony, Ind.Code §§ 35–42–1–1(1) and 35–41–5–1 (Burns 1979 Repl.), for the shooting of Russell Beard. He was convicted after a trial by jury of attempted voluntary manslaughter, a class B felony, Ind.Code §§ 35–42–1–3 and 35–41–5–1 (Burns 1979 Repl.), and was sentenced by the trial judge to serve a twenty year term of imprisonment. In this direct appeal, he raises two issues:

(1) Whether the evidence is sufficient to support the jury's verdict.

(2) Whether the sentence imposed was excessive because the aggravating circumstances cited to justify it were insufficient.

Defendant first argues that the evidence presented at his trial was insufficient to sustain the verdict of the jury finding him guilty of attempted voluntary manslaughter. In reviewing claims of insufficient evidence, this Court neither weighs the evidence nor resolves questions of credibility, but only looks to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558. If from that viewpoint there was evidence of probative value from which a reasonable trier of fact could conclude that a defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Taylor v. State,* (1973) 260 Ind. 64, 291 N.E.2d 890; *Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657.

The evidence most favorable to the verdict shows that defendant and Danny Hampton had what was characterized as a "feuding" relationship between them with animosity on both sides. On January 20, 1981, defendant had avoided one confrontation with Hampton by climbing through the rear window of an apartment both were visiting. That evening, defendant went to a bar with his brother and his brother's friend and later surreptitiously removed a loaded shotgun from the friend's car. He then went to the home where Hampton lived with his mother, stepfather and twelve-year-old stepbrother. He concealed the weapon in his clothing, checked to make sure that no one was watching him, and pulled the shotgun out. He laid it on the railing of the front porch, took aim through

a lighted window at the residence and fired, striking and seriously injuring Hampton's stepbrother, Russell Beard. Defendant ran to his girlfriend's apartment and asked her to hide the gun exclaiming, "I just shot Danny and the cops will be after me." He was arrested in the early morning hours of the next day and gave a statement to the police in which he admitted seeing someone inside the house and shooting, believing that it was Danny Hampton.

Defendant contends that this evidence is insufficient to support the verdict because it fails to show that defendant intended to strike or injure anyone. Indiana Code § 35–42–1–3 (Burns 1979 Repl.) provides that:

"(a) A person who knowingly or intentionally kills another human being while acting under sudden heat commits voluntary manslaughter, a class B felony."

The information filed in this case charged the defendant with "knowingly" attempting to kill. Indiana Code § 35–41–2–2 (Burns 1979 Repl.) states:

"(b) A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so."

 From the evidence presented here showing that defendant aimed a shotgun through the lighted front window of a residence at 11:30 p.m. at a distance and angle calculated to strike someone either seated or standing, the jury could clearly conclude that defendant knowingly attempted to kill another human being. The fact that he did not strike his intended victim but instead injured another is not a defense. We have found in similar cases that the defendant's intent is transferred from the person against whom it was directed to the person actually injured. See, Napier v. State, (1973) 260 Ind. 614, 298 N.E.2d 427; Matthews v. State, (1958) 237 Ind. 677, 148 N.E.2d 334. Thus, there was sufficient evidence to support the jury's verdict that defendant knowingly and intentionally attempted to kill Russell Beard.

Defendant also claims that the trial court erred in imposing his sentence because the aggravating circumstances cited by the court were insufficient to support imposition of the maximum sentence authorized for a class B felony. The basic, or presumptive, sentence for a class B felony is a sentence of ten years with up to ten years added for aggravating circumstances or four years subtracted for mitigating circumstances. Ind.Code § 35–50–2–5 (Burns 1979 Repl.). We held in Gardner v. State, (1979) Ind., 388 N.E.2d 513, that when a judge increases or decreases the basic sentence, the record should disclose what factors were considered by the judge to be mitigating or aggravating circumstances.

In imposing the maximum twenty year sentence allowed, the trial judge here noted, after reviewing the report of the presentence investigation, that the defendant was in need of incarceration and rehabilitation which could best be obtained at a penal institution. He also specifically recounted the facts of this crime which he believed justified the sentence. He noted that:

"the defendant fully contemplated, arranged a plan with regards to obtaining a weapon, driving a great distance from the place the weapon was obtained and to the house in which his attended [sic] victim lived. Testimony, as the Court recalls it, is that he hid the weapon on his personal clothing, took it out after first examining to make sure no one was present to observe him in the commission of his crime, that he sighted the weapon so that it was a clearly intentional act of shoot to kill, that he intended to shoot and kill an individual in his own home while he was hiding in the dark, firing into a lighted room."

 Defendant does not argue that the trial judge erroneously identified any aggravating circumstances or that he failed to consider appropriate mitigating circumstances or that he failed to evaluate and balance the mitigating and aggravating circumstances. He contends solely that the sentence is excessive because the aggravating circumstances as disclosed on the record were insufficient to justify the sentence imposed. It is within the discretion of the trial judge whether the basic sentence for a crime will be increased or decreased because of aggravating or mitigating circumstances.

*Logsdon v. State,* (1980) Ind., 413 N.E.2d 249; *McCawley v. State,* (1980) Ind., 409 N.E.2d 594. The trial judge must justify the added sentence with a statement of the particular facts and circumstances he considered in finding aggravating factors. *Marquess v. State,* (1981) Ind.App., 416 N.E.2d 1324. Here, there was compliance with this requirement of specificity. In pronouncing the sentence, the judge clearly articulated why he regarded imposition of the maximum term of imprisonment to be appropriate.

A reviewing court will not revise a sentence authorized by statute unless in light of the nature of the offense and the character of the offender, that sentence is manifestly unreasonable. Ind.R.App.Rev. Sen. 2. A sentence is not manifestly unreasonable unless no reasonable person could find it appropriate for the particular offense and offender for which the sentence was imposed. *Id.* The statute authorizes the sentence that the defendant received, and we are unable to say that it was manifestly unreasonable.

The conviction and sentence are affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.