**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 31 2013, 6:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RANDY M. FISHER**
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA A. YENNA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1211-CR-499 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D05-1112-FD-1733

**July 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

On April 3, 2011, Appellant-Defendant Joshua Yenna was engaged in a heated argument with his girlfriend. During the course of this argument, Yenna picked up a lamp and threw it at his girlfriend. The lamp missed his girlfriend, instead striking her seven-year-old daughter in the face. The child suffered a laceration to her nose that required medical treatment. Yenna was subsequently charged with Class D felony battery and Class D felony criminal recklessness. Yenna was also alleged to be a habitual offender. Following a two-day jury trial, Yenna was found guilty of Class D felony battery and not guilty of Class D felony criminal recklessness. The jury also determined that Yenna was not a habitual offender. At sentencing, the trial court sentenced Yenna to three years with one and one-half years suspended to probation. On appeal, Yenna challenges the sufficiency of the evidence to prove that he knowingly or intentionally struck his girlfriend's daughter with the lamp. Concluding that the evidence is sufficient to sustain Yenna's conviction, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On April 3, 2011, Christine Hagan and her boyfriend, Yenna, were at Christine's apartment. Christine's children, Yenna's daughter, and Yenna's mother were also present. At some point during the evening, Christine and Yenna became engaged in a heated argument. When Christine and Yenna began arguing, they were in Christine's bedroom, but the argument continued as they moved to the living room. During the course of this argument, Yenna apparently decided to leave Christine's apartment with his daughter. However, before Yenna left the apartment, Christine said something offensive to Yenna about his daughter. This statement upset Yenna, who then grabbed a lamp. Yenna threw the

2

lamp at Christine but missed, instead hitting Christine's seven-year-old daughter, M.H. in the face. M.H. was injured after being struck by the lamp.

Christine soon thereafter realized that M.H. required medical attention to treat the wound suffered as a result of being struck by the lamp. Christine took M.H. to the hospital emergency room where she was treated by medical personnel in triage. M.H. told triage emergency technician Jennifer Bell that a lamp was thrown at her head. M.H. also told physician's assistant Abigail Bort that while her mother and Yenna argued, Yenna threw a lamp at her mom but the lamp struck her instead of her mom. In addition to M.H.'s statements to Bell and Bort, Christine told registered nurse Rebecca Beaubien that she and Yenna argued, and that during this argument, Yenna threw a lamp intended for her but it struck M.H. instead. Medical personnel determined that M.H. required stitches and surgery to close the wound she received as a result of being hit with the lamp.

On December 28, 2011, the State charged Yenna with Class D felony battery. On January 20, 2012, the State charged Yenna with Class D felony criminal recklessness. The State subsequently filed an information alleging that Yenna was a habitual offender.

A two-day jury trial was conducted on October 2-3, 2012. During trial, Bell, Bort, and Beaubien testified to M.H.'s and Christine's statements made during the course of M.H.'s treatment regarding the circumstances that lead to M.H.'s injury. Following the conclusion of the presentation of the evidence, the jury found Yenna guilty of Class D felony battery and not guilty of Class D felony criminal recklessness. The jury also determined that Yenna was not a habitual offender. The trial court conducted a sentencing hearing on October 26, 2012,

3

during which it sentenced Yenna to three years with one and one-half years suspended to probation.  This appeal follows.

## DISCUSSION AND DECISION

Yenna contends that the evidence is insufficient to sustain his conviction for Class D felony battery.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict.  It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction.  To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling.  Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.  It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence.  The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted).  "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012).  Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses.  *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).  Inconsistencies in witness testimony go to the weight and credibility of the testimony, "the resolution of which is within the province of the trier of fact." *Jordan v. State*, 656 N.E.2d 816, 818 (Ind. 1995).

Indiana Code section 35-42-2-1 provides, in relevant part, that a "person who

4

knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor." "However, the offense is: … (2) a Class D felony if it results in bodily injury to: … (B) a person less than fourteen (14) years of age and is committed by a person at least eighteen (18) years of age." Ind. Code § 35-42-2-1. In arguing that the evidence is insufficient to sustain his conviction for Class D felony battery, Yenna does not challenge the sufficiency of the evidence demonstrating that he, an individual over the age of eighteen, touched M.H., a person less than fourteen years of age, in a rude, insolent, or angry manner, and that the touching resulted in bodily injury to M.H. Yenna merely challenges the sufficiency of the evidence to prove that he acted with the requisite mental culpability, i.e., in a "knowing" or "intentional" manner.

"A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). The requisite mental culpability to commit battery "may be presumed from the voluntary commission of the act." *Mishler v. State*, 660 N.E.2d 343, 348 (Ind. Ct. App. 1996). Furthermore, it has "long been held that '[t]he fact that [the defendant] did not strike his intended victim but instead injured another is not a defense. We have found in similar cases that the defendant's intent is transferred from the person against whom it was directed to the person actually injured.'" *D.H. v. State*, 932 N.E.2d 236, 238 (Ind. Ct. App. 2010) (quoting *Tucker v. State*, 443 N.E.2d 840, 842 (Ind. 1983)).

Upon review, we conclude that the evidence most favorable to the jury's verdict demonstrates that Yenna knowingly or intentionally threw the lamp at Christine, striking and causing bodily injury to M.H. With respect to Yenna's mental culpability, the State presented evidence which demonstrated that after Yenna picked up the lamp, he threw it at Christine. Yenna, on the other hand, testified that he intended to toss the lamp directly to the floor, but that unfortunately the lamp flew off of his finger and, instead of hitting the ground, hit and injured M.H.

After considering both the evidence introduced by the State and Yenna's testimony, the jury apparently determined that State's evidence was more credible and entitled to more weight than Yenna's self-serving testimony. We will not disturb this determination on appeal. *See Stewart*, 768 N.E.2d at 435 (providing that appellate courts do not assess the credibility of witnesses on appeal); *Jordan*, 656 N.E.2d at 818 (providing that inconsistencies in witness testimony go to the weight and credibility of the testimony, the resolution of which is within the province of the trier of fact.) Yenna's claim on appeal effectively amounts to an invitation to reweigh the evidence, which we will not do. *Stewart*, 768 N.E.2d 433 at 435.

The judgment of the trial court is affirmed.

BAILEY, J., and MAY, J., concur.

6