**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEFFREY L. SANFORD**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KALAN MURPHY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1311-CR-433 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable J. Jerome Frese, Judge
Cause No. 71D03-1305-FC-108

**August 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

<u>STATEMENT OF THE CASE</u>

Kalan Murphy ("Murphy") appeals his conviction, after a jury trial, for Class C felony battery with a deadly weapon.[1] On appeal, Murphy claims that the evidence was insufficient, arguing that once the jury acquitted him of one count of battery, the culpability no longer existed to convict him of a second count of battery under the theory of transferred intent. Finding that the evidence was sufficient to convict Murphy, we affirm his conviction.

We affirm.

<u>ISSUE</u>

Whether sufficient evidence supports Murphy's conviction.

<u>FACTS</u>

On May 14, 2013, Murphy was at the home of his aunt, Verda Bailey ("Bailey"). Murphy's mother, Cynthia Thomas ("Thomas"), his brother, Kyle Henderson ("Henderson"), and his grandfather, Eddie Bailey ("Eddie"), were also in the home. Murphy and Thomas were arguing in the kitchen because Thomas would not let Murphy drive a car that essentially belonged to Murphy but was registered to Thomas. Thomas would not let Murphy drive the car because he did not have a valid driver's license. Murphy got angry and began yelling and cursing at Thomas. Henderson heard Murphy yelling at their mother and went to the kitchen to confront Murphy. Henderson and Murphy began to fight, and Bailey called 911.

---

[1] IND. CODE § 35-42-2-1(a)(3) (2012).

Henderson pushed Murphy into a counter that had a dish rack. Murphy took a knife from the dish rack and attacked Henderson. Eddie tried to get between the two of them and separate them. When he intervened, Eddie put his hands up so that he would not get hit in the face. Murphy then chased Henderson out of the kitchen. Eddie tried to restrain Murphy and ended up holding Murphy around his legs. Murphy eventually left the home, and Eddie realized that his arm had been cut. Bailey called 911 again to request an ambulance for Eddie.

When officers arrived at the home, Murphy had come back to the scene, and Henderson identified Murphy as the person who had the knife. Officer Joseph Stitsworth ("Officer Stitsworth") observed a small cut on Henderson's left palm, and paramedics putting a bandage around Eddie's arm. Officer Stitsworth also observed a substantial amount of blood on Murphy's shorts. Officer Stitsworth handcuffed Murphy and placed him in the back of Officer Alexander Gutierrez's ("Officer Gutierrez") police car. Officer Gutierrez then drove Murphy to the county jail.

Officer Gutierrez's car was equipped with a video recording system. During the drive to the county jail, Murphy asked Officer Gutierrez if Eddie was "cool." (Ex. 2 at 1:32). Officer Gutierrez told him that Eddie was okay but would need some stitches. Without any questions posed by Officer Gutierrez, Murphy told the officer that he had the knife in his hand and was trying to hurt Henderson but not Eddie. Once they arrived at the jail, Murphy was placed in a room, and Detective Will Johnson ("Detective Johnson") interviewed him. Murphy admitted again that he had picked up a knife during the fight and chased Henderson.

3

On May 15, 2013, the State charged Murphy with two counts of Class C felony battery with a deadly weapon alleging that Murphy had cut Henderson and Eddie with a knife. The trial court held a jury trial on July 30, 2013. The State argued that Murphy was guilty of battering Eddie under the theory of transferred intent. The jury acquitted Murphy of battering Henderson, but convicted him of battering Eddie.

On August 7, 2013, Murphy moved to set aside the conviction, claiming that the jury's verdicts were inconsistent. The State filed its written response on August 12, 2013. The court conducted a hearing on August 14, 2013, and denied the motion to set aside the conviction. Murphy now appeals. We will provide additional facts as necessary.

## DECISION

Murphy argues that the evidence was insufficient to support his conviction. Specifically, he claims that once the jury acquitted him of battering Henderson, the culpability no longer existed to convict him of battering Eddie under the theory of transferred intent.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court is ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

4

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted).

To convict Murphy of battery as charged, the State had to prove that he knowingly, by means of a deadly weapon, touched Eddie in a rude, insolent, or angry manner. IND. CODE § 35-42-2-1(a)(3) (2012). A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so. IND. CODE § 35-41-2-2.

Transferred intent is a doctrine where a defendant's intent to commit the charged crime is taken from the originally intended wrongful act and applied to the crime that was actually committed. *See D.H. v. State*, 932 N.E.2d 236, 238 (Ind. Ct. App. 2010). "It has long been held that '[t]he fact that [the defendant] did not strike his intended victim but instead injured another is not a defense. We have found in similar cases that the defendant's intent is transferred from the person against whom it was directed to the person actually injured." *Id*. (quoting *Tucker v. State*, 443 N.E.2d 840, 842 (Ind. 1983)).

Murphy's argument to overturn his conviction fails because he misapplies the theory of transferred intent. Murphy contends that:

> [T]o convict [him] of battery against [Eddie] under the theory of transferred intent, the State was required to prove beyond a reasonable doubt that [he] knowingly touched Henderson in a rude[,] insolent[,] and angry manner. In as much as the jury acquitted [Murphy] of [count I], the very same crime charged in [count II], the culpability necessary to convict the defendant on [count I] cannot be transferred to [count II].

(Murphy's Br. 13). This is incorrect. The theory of transferred intent required the State to prove that Murphy directed his attack at Henderson, but *actually* injured his

5

grandfather. *See id.* Regardless of Murphy's acquittal for battering Henderson, the State's evidence established Murphy's guilt under the theory of transferred intent.

Murphy admitted multiple times that he had a knife and specifically told Officer Gutierrez that he was trying to "beat the fuck" out of his little brother, but not harm his grandfather. (Ex. 2 at 2:03). Eddie testified that he was trying to get in between Murphy and Henderson, and that he had put his hands up so that he would not get hit in the face. A reasonable inference arises from the evidence that Murphy cut Eddie's arm with the knife when he intervened in the fight and that Eddie bled on Murphy's shorts while trying to restrain him. Arguing that Murphy's culpability for battering Eddie disappeared because the jury acquitted him of battering Henderson is tantamount to arguing that the jury's verdicts are inconsistent, a claim Murphy concedes he cannot make on appeal.[2] Accordingly, we affirm Murphy's Class C felony battery conviction.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.

---

[2] Our Supreme Court has held, "Jury verdicts in criminal cases are not subject to appellate review on grounds that they are inconsistent, contradictory, or irreconcilable." *Beattie v. State*, 924 N.E.2d 643, 649 (Ind. 2010).