915 N.E.2d 193 (2009)
Mark Alvin LAMAR, Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 79A02-0901-CR-94.
Court of Appeals of Indiana.
October 20, 2009.
*194 Steven Knecht, Vonderheide & Knecht, P.C., Lafayette, IN, Attorney for Appellant.
Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
MATHIAS, Judge.
Mark Alvin Lamar ("Lamar") pleaded guilty in Tippecanoe Superior Court of Class C felony possession of cocaine and found to be a habitual substance offender. The trial court sentenced Lamar to eight years for the Class C felony conviction enhanced by eight years for the habitual substance offender finding. Lamar appeals, and argues the following restated issues:
(1) that the trial court abused its discretion when it determined that the benefit he received from his guilty plea was an aggravator to his sentence; and
(2) that his sentence is inappropriate in light of the nature of the offense and the character of the offender.
We affirm.

Facts and Procedural History
On March 14, 2008, a confidential informant identified Lamar to police as a source of crack cocaine. The informant called Lamar to purchase crack cocaine. Lamar told the informant that he was not at home but that his girlfriend would "take care" of the informant. Appellant's App. pp. 10-11. The informant went to the *195 apartment and completed the transaction. Police waited to execute a search warrant until Lamar returned to the apartment. During the search, the police found 3.39 grams of crack cocaine in and around a mattress, as well as the recorded buy money from the confidential informant's transaction with Lamar's girlfriend.
On March 19, 2008, the State charged Lamar with Class A felony conspiracy to commit dealing in cocaine, Class A felony dealing in cocaine, and Class A felony possession of cocaine. On April 17, 2008, the State added a Habitual Offender count and a Habitual Substance Offender count.
On December 11, 2008, Lamar pleaded guilty to Class C felony possession of cocaine, which had been amended pursuant to the plea agreement, and admitted his status as a habitual substance offender. The plea agreement provided that in exchange for the guilty plea, the remaining charges would be dismissed along with charges pending under a different cause number. At sentencing, the trial court sentenced Lamar to eight years on the Class C felony possession of cocaine conviction enhanced by eight years for the habitual substance offender determination.
Lamar now appeals.

Discussion and Decision

I. Abuse of Discretion
Sentencing decisions rest within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind.2007). "An abuse of discretion occurs if the decision is `clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" Id. at 491 (citations omitted). A trial court can abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. Id. at 490-91. If the trial court abuses its discretion in one of these or any other way, remand for resentencing may be the appropriate remedy "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." Id. at 491.
Lamar argues that the trial court abused its discretion when it found, that the benefit he received from his plea bargain was an aggravator to his sentence. While the trial court states that the aggravator is the reduced charges, it appears that the trial court viewed the substantial benefit received as a result of the plea agreement as the aggravator. The trial court characterized this as an aggravator, but the benefits Lamar received from the plea agreement more properly relate to the determination of whether the plea agreement is a significant mitigator. See Sensback v. State, 720 N.E.2d 1160, 1165 (Ind.1999). The real meaning of the trial court's unfortunate choice of words is also borne out by its consideration of Lamar's plea agreement as an aggravator and his guilty plea as a mitigator.
In this case, Lamar had been charged with three Class A felonies with a habitual offender count and habitual substance offender count but pleaded guilty to one Class C felony and the habitual substance offender count. Although Lamar received the maximum sentence of sixteen years, he also avoided a potential sentence of eighty years had he been convicted of all three *196 Class A felonies and been found to be a habitual offender. Lamar received a large benefit from the plea agreement, which reduced its value as a mitigator for sentencing. To the extent that Lamar claims that the trial court abused its discretion by failing to give his guilty plea more weight, the claim is not available for appellate review. Id. at 493-94.

II. Inappropriate Sentence
Second, Lamar argues that his sentence was inappropriate. A defendant may challenge his sentence under Indiana Appellate Rule 7(B) which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The Anglemyer Court explained:
It is on this basis alone that a criminal defendant may now challenge his or her sentence where the trial court has entered a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence that is supported by the record, and the reasons are not improper as a matter of law, but has imposed a sentence with which the defendant takes issue.
Id. "[A] defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review." Id. at 494.
While the nature of the particular offense at issue is not particularly egregious by itself, Hall's character certainly is. At the age of twenty-seven, Lamar has amassed an extensive juvenile and adult criminal record, mainly in Illinois. In the past nine years, Lamar has been convicted of eight drug-related felonies, including two convictions for the manufacture and delivery of cocaine, two convictions for the manufacture and delivery of a controlled substance, and two convictions for the manufacture and delivery of marijuana. PSI Report pp. 4-6.
While the trial court considered Lamar's lack of community ties an aggravator, it is more properly considered as reflecting the offender's character for the purpose of sentencing. Often an offender's community ties will assist the trial court in determining whether the offender is suitable for community corrections or probation and when an offender lacks those ties, the trial court is less able to make an accurate determination of the offender's character. In this case, the trial court determined that Lamar was not suitable for community corrections or probation because he lacked community ties.
Under these facts and circumstances, we cannot conclude that Lamar's sentence of eight years for the Class C felony possession of cocaine conviction enhanced by eight years for the habitual substance offender finding is inappropriate in light of the nature of the offense and the character of the offender.

Conclusion
The trial court did not abuse its discretion in sentencing Lamar because the trial court properly found an aggravator that was sufficient to support the sentence imposed. Lamar's sentence was not inappropriate in light of the nature of the offense and the character of the offender.
Affirmed.
DARDEN, J., concurs.
ROBB, J., concurs in result with opinion.
ROBB, J., concurring in result with opinion.
In sentencing Lamar, the trial court stated:

*197 [t]he ... third aggravating factor is the fact that there are reduced charges. Defendant was facing 58 years, maybe 80 years, depending upon whether or not there were charges for habitual felon. And so there's a substantial benefit to this plea agreement from that point of view.
Tr. at 29-30. I agree with the majority that "the benefits Lamar received from the plea agreement more properly relate to the determination of whether the plea agreement is a significant mitigator." Slip op. at 4. There is a substantial difference, however, between saying that because of the benefit of the plea bargain the plea agreement is not a significant mitigator and saying it is an aggravator. Here, it is clear the trial court did not merely find that the plea agreement was not a significant mitigator. Because the trial court affirmatively stated it was considering the plea agreement to be an aggravator, I would hold the trial court abused its discretion.
When a trial court abuses its discretion in finding an aggravator, we will nonetheless affirm the sentence if we can say with confidence that the trial court would have imposed the same sentence even if it had not considered the improper aggravator. Anglemyer v. State, 868 N.E.2d 482, 491 (Ind.2007), clarified on reh'g, 875 N.E.2d 218 (Ind.2007). Here, the trial court also identified Lamar's criminal history as an aggravator, and Lamar does not challenge that finding. Lamar's criminal history, as stated by the majority in its discussion of whether Lamar's sentence is inappropriate, is extensive and I can say with confidence that the trial court would have imposed the same sentence even if it had not improperly considered Lamar's guilty plea as an aggravator. I therefore concur in the result reached by the majority with respect to Lamar's abuse of discretion argument. As for the inappropriate sentence issue, I concur fully.