**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**R. PATRICK MAGRATH**
Alcorn Goering & Sage, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JACOB LUTZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1310-CR-451 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-1208-FB-38

**June 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Jacob Lutz appeals the trial court's determination that he is a sexually violent predator. We affirm.

## FACTS AND PROCEDURAL HISTORY

In June 2012, the State filed a petition alleging Lutz, then seventeen years old, to be a delinquent child for committing what would be Class B felony child molesting, Class C felony child molesting, Class B felony criminal deviate conduct, and two counts of Class D felony sexual battery if committed by an adult. The petition alleged that Lutz had abused his ten- and eleven-year-old cousins. In August 2012, on the State's motion, the juvenile court waived jurisdiction to adult criminal court.

The parties reached a plea agreement in April 2013. Pursuant to its terms, Lutz would plead guilty to Class B felony child molesting and Class C felony child molesting. In exchange, the State would dismiss the remaining charges and recommend an aggregate sentence of twenty years with ten years suspended to probation (twenty years with ten years suspended to probation for the B felony and a concurrent eight years for the C felony). The trial court held a hearing on the negotiated plea and took the matter under advisement.

In May 2013, the State filed a motion for a sexually violent predator determination. The court granted the motion in an order appointing psychologist Edward Connor and psychiatrist George Parker to examine Lutz. Dr. Connor and Dr. Parker each examined Lutz, filed their written reports with the trial court, and testified about their

2

examinations and reports at a hearing combining the issues of the sexually violent predator determination and sentencing.

Dr. Connor testified about his evaluation of Lutz, which included interviews and numerous assessments. Dr. Connor had supervised an evaluation of Lutz back in 2012, when the Department of Child Services had asked him to perform a psychological evaluation and risk assessment, so for the most recent evaluation he was able to use the information gathered from the 2012 evaluation as a point of comparison. He found that Lutz exaggerated his psychiatric condition—or malingered—in the earlier evaluation where it might constitute a mitigating factor, but that he minimized his psychiatric condition in the later evaluation so as to avoid a sexually violent predator determination.

Dr. Connor believed Lutz was at moderate to high risk to sexually reoffend. He found it particularly troubling that Lutz had been adjudicated a delinquent child in 2008 for molesting his stepsister, who was two years older than him, and that he then went on to molest his two younger cousins. Lutz molested one of them for two years, and when asked to estimate how many acts of molestation he had committed, he chuckled and said there were too many to count. Dr. Connor noted that Lutz did not learn from experience, tended to blame his victims for his behavior, accepted little responsibility for his offenses, and had little remorse for his actions. Dr. Connor concluded that Lutz's schizoid personality with antisocial features in combination with his diagnosis of dysthymia, which is a mild but chronic grade of depression, constituted a mental abnormality that made it likely that he would repeatedly commit a sex offense.

Dr. Parker testified Lutz reported he had been emotionally abused by his stepfather and sexually abused by his brother. Dr. Parker also observed that Lutz's prior abuse of his stepsister, which involved approaching her while she slept, resembled the behavior he perpetrated upon his younger cousins. Lutz began masturbating at age five, and that early sexual behavior was reinforced by the inappropriate sexual behavior with his brother when he was between the ages of eight and eleven. He reported being aroused by sexually mature girls and women, but around age sixteen he became more indiscriminate and was sexually aroused by females whether they were prepubescent, adolescent, or mature women. Dr. Parker noted that Lutz had poor impulse control, lack of insight, and strong sexual urges. Dr. Parker diagnosed Lutz with pedophilia and believed he was at risk for sexually reoffending.

The trial court concluded that Lutz suffered from a mental abnormality or personality disorder that made him likely to repeatedly commit a sex offense. It thus determined that Lutz was a sexually violent predator. The court accepted the plea agreement, entered judgments of conviction for Class B and Class C felony child molesting, sentenced Lutz to an aggregate term of twenty years with ten years suspended to probation, and required him to register as a sex offender for life. Lutz now appeals.

<u>DISCUSSION AND DECISION</u>

Indiana Code section 35-38-1-7.5(a) (2007) defines a sexually violent predator as "a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense." Here, the State sought to have Lutz found to be a sexually violent predator pursuant to subsection (e), which provides:

4

If a person is not a sexually violent predator under subsection (b), the prosecuting attorney may request the court to conduct a hearing to determine whether the person (including a child adjudicated to be a delinquent child) is a sexually violent predator under subsection (a). If the court grants the motion, the court shall appoint two (2) psychologists or psychiatrists who have expertise in criminal behavioral disorders to evaluate the person and testify at the hearing. After conducting the hearing and considering the testimony of the two (2) psychologists or psychiatrists, the court shall determine whether the person is a sexually violent predator under subsection (a). A hearing conducted under this subsection may be combined with the person's sentencing hearing.

Lutz contends the evidence is insufficient to sustain the trial court's sexually violent predator determination. When a defendant challenges the sufficiency of the evidence supporting a sexually violent predator finding, our inquiry is whether there is substantial evidence of probative value to sustain the trial court's finding that the defendant suffers from a mental abnormality or personality disorder that makes him or her likely to repeatedly commit a sex offense. *Mays v. State*, 982 N.E.2d 387, 391 (Ind. Ct. App. 2013). We neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn therefrom. *Id.*

Dr. Connor and Dr. Parker each conducted evaluations of Lutz, submitted written reports to the court, and testified at a hearing. Dr. Connor concluded that Lutz's schizoid personality with antisocial features in combination with his dysthymia constituted a mental abnormality that made it likely that he would repeatedly commit a sex offense. Dr. Parker concluded Lutz's mental abnormality of pedophilia made it likely that he would repeatedly commit a sex offense. Both testified regarding the processes they used to examine Lutz and how they reached their conclusions.

5

Despite this clear evidence, Lutz argues the court improperly relied on his malingering to support the sexually violent predator determination, *see* Tr. p. 67, because the evidence shows he engaged in malingering in the 2012 examination and not in the more recent examination. The trial court, however, was merely drawing attention to the fact that Dr. Connor believed Lutz was crafting his responses to suit his needs of the moment: he exaggerated his psychiatric condition in 2012 when it might be considered a mitigating factor, and he minimized it in the later examination so as to avoid a sexually violent predator determination.

Lutz also argues that the conclusions of Dr. Connor and Dr. Parker were improperly based primarily on the offenses to which he had pleaded guilty. We disagree. Dr. Connor and Dr. Parker relied on more than the fact that Lutz had sexually abused his young cousins. They also found it notable that he had just years before been adjudicated a delinquent child for sexual battery against his stepsister in similar circumstances; that is, he approached his victims while they slept. The evidence provided by Dr. Connor and Dr. Parker showed they reviewed several aspects of his history and made their conclusions accordingly.

Finally, Lutz argues that the conclusions of Dr. Connor and Dr. Parker were too conclusory and cites *Marlett v. State*, 878 N.E.2d 860 (Ind. Ct. App. 2007), *trans. denied*. *Marlett*, however, involved a previous version of the sexually violent predator statute that did not require a hearing and consideration of testimony from the court-appointed experts. *Id.* at 871. In that case, the defendant pleaded guilty to criminal confinement, and the trial court appointed experts to determine whether he should be classified as a

6

sexually violent predator. Based on the doctors' reports, the court determined he was a sexually violent predator.

On appeal, the defendant argued the doctors' opinions were too conclusory to support the trial court's sexually violent predator determination and noted the State did not call them to testify regarding their findings.

The panel in *Marlett* observed that the sexually violent predator statute had recently been amended to require a hearing at which the court-appointed experts would testify, but the statute was amended after the defendant had been sentenced.

The *Marlett* Court nonetheless found his concerns valid, particularly noting the lack of specificity in the reports alongside the fact that the defendant had not committed an overtly sexual crime. Specifically, one report concluded he was at risk for repeating the offense—criminal confinement, which was not an overtly sexual crime—and the other report concluded he should be classified as a sexually violent predator without identifying what type of crime he would be at risk of repeatedly committing. We therefore remanded for the trial court to reconsider the defendant's sexually violent predator status after conducting a hearing pursuant to the amended version of the statute. *Id.* at 872.

The case before us is easily distinguishable from *Marlett*. Unlike the defendant in *Marlett*, who was not convicted of an overtly sexual crime, Lutz was convicted of two counts of child molesting. Also unlike *Marlett*, the trial court's sexually violent predator determination was not based solely on the doctors' reports. Instead, in accordance with statute, the trial court held a hearing where it received testimony from Dr. Connor and Dr.

7

Parker regarding their examinations of Lutz. Lutz was able to cross-examine Dr. Connor and Dr. Parker regarding their evaluations and their opinions as to whether he should be classified as a sexually violent predator. *See Edwards v. State*, 952 N.E.2d 862, 871 (Ind. Ct. App. 2011) (similarly distinguishing *Marlett*).

The trial court, after consideration of the record, including the reports and testimony of the doctors, determined that Lutz was a sexually violent predator. We conclude the evidence is sufficient to sustain that determination. *See Scott v. State*, 895 N.E.2d 369, 376-77 (Ind. Ct. App. 2008) (evidence sufficient to sustain sexually violent predator determination where defendant was convicted of overtly sexual crimes, had a prior attempted child molesting conviction, lacked remorse, and one doctor's written report concluded he suffered from antisocial personality disorder and was "significantly more likely than the average individual to engage in the offenses listed").

## CONCLUSION

We therefore affirm.

BAILEY, J., and PYLE, J., concur.