**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 26 2014, 8:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRUCE W. GRAHAM**
Graham Law Firm, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ZAEEM MAHMOOD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1402-CR-96 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1210-FC-41

**November 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Zaeem Mahmood appeals the four-year sentence, with sixty days executed and the rest suspended to probation, for his conviction for class C felony failure to stop after an accident resulting in death. He argues that the trial court abused its discretion during sentencing. Mahmood also asserts that his sentence is inappropriate in light of the nature of the offense and his character. Finding no abuse of discretion and concluding that Mahmood has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

**Facts and Procedural History**

Just prior to 5:00 a.m. on June 12, 2012, witnesses observed a vehicle strike Terry Clingerman, II, who was disoriented and wandering in the middle of the highway. Clingerman hit the front and the windshield of the car, went over the top of the car, and landed on the pavement behind the car. The driver of the vehicle did not stop but proceeded driving down the highway. Officers who arrived on the scene reported that Clingerman had no pulse but performed CPR on him until an ambulance arrived. Clingerman was transported to the hospital where he died of his injuries.

Approximately fifteen minutes after Clingerman was struck, West Lafayette Police Department Officer David Smith was providing traffic assistance at the accident scene when he observed a vehicle arrive with extensive front-end damage. The grill of the vehicle was knocked out and the bumper was dangling and dragging in the front. The windshield was almost completely caved in, with bloody shattered glass edges protruding into the interior of the vehicle. The driver, Mahmood, exited the vehicle and informed Officer Smith that he

2

was the driver who had earlier struck Clingerman. As he approached Officer Smith, Mahmood was on the phone with a 911 dispatcher and was advising her that he had returned to the scene and was now with a police officer. Officer Smith observed that Mahmood had blood on his pants and on his hands, and he had glass shards on his clothing. Mahmood, who was wearing sandals, also had blood on his feet. Mahmood complained to Officer Smith that he believed he could have glass shards in his mouth. Officer Smith handcuffed, detained, and sought medical treatment for Mahmood.

The State charged Mahmood with class C felony failure to stop after an accident resulting in death. A jury trial was held on November 15, 2013, and Mahmood was found guilty as charged. Following a sentencing hearing, on January 17, 2014, the trial court sentenced Mahmood to the four-year advisory sentence with sixty days executed and the rest suspended to probation. This appeal ensued.

## Discussion and Decision

### Section 1 – Abuse of Discretion

Mahmood first asserts that the trial court abused its discretion during sentencing. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Id.* A trial court abuses its discretion during sentencing by: (1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing sentence but the record does not

support the reasons, (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration, or (4) considering reasons that are improper as a matter of law. *Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012). If we determine that the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered the reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491.

The trial court here imposed the four-year advisory sentence for a class C felony, with all but sixty days suspended to probation. The court's sentencing statement provided that "[t]he Court finds as aggravating factors the defendant's lack of community ties and the seriousness of the crime." Appellant's App. at 12. The statement also provided that "[t]he Court finds as mitigating factors the defendant has no criminal history, the defendant would likely respond to probation or short term imprisonment and the defendant has family and community support." *Id.* Mahmood claims that the trial court abused its discretion because the two aggravating factors cited by the trial court were improper as a matter of law. We address each factor in turn.

First, we agree with Mahmood that without more, his lack of community ties is not a proper aggravating circumstance. This Court has held that lack of community ties "is more properly considered as reflecting the offender's character for the purpose of sentencing," as an offender's community ties "will assist the trial court in determining whether the offender is suitable for community corrections or probation." *Lamar v. State*, 915 N.E.2d 193, 196

4

(Ind. Ct. App. 2009). Our reading of the record indicates that, despite the court's sentencing statement, it does not appear that the trial court considered Mahmood's lack of community ties as an aggravating circumstance in determining the appropriate sentence. Instead, it appears that the trial court considered Mahmood's community ties for the proper purpose of determining how he would serve his almost entirely suspended sentence and whether he was eligible to participate in a local community corrections program. *See* Tr. at 522-24.[1] Accordingly, we find that any misstatement by the trial court in its sentencing statement was harmless because the record indicates that the trial court did not use Mahmood's lack of community ties for any improper purpose.

Regarding the second aggravating factor cited by the court, the seriousness of the offense, "this aggravator, which implicitly includes the nature and circumstances of the crime as well as the manner in which the crime is committed, has long been held a valid aggravating factor." *Anglemyer*, 868 N.E.2d at 492. Mahmood maintains that the trial court failed to specify any particular circumstances, beyond the elements of the offense, that caused his crime to be more serious than that already contemplated by the legislature. To the contrary, the trial court specifically considered the fact that Mahmood did not simply flee the scene of an accident resulting in death, but he continued to drive in a horribly damaged vehicle and in a physically injured and emotionally traumatized state, which the trial court determined "pose[d] a threat" to other drivers and walkers on or near the road. Tr. at 518.

---

[1] The record reveals that at the time of the accident, Mahmood, a citizen of Pakistan, was living in Indiana while attending Purdue University in West Lafayette. By the time of sentencing, Mahmood had moved from Indiana and was living in California. Tr. at 390-92.

These particular circumstances of the crime were properly considered by the trial court as an aggravating factor.

In sum, Mahmood has not demonstrated that the trial court abused its discretion during sentencing. Despite the trial court's erroneous sentencing statement, Mahmood received the advisory sentence, the majority of which was suspended, and we are confident that a remand in this case would not result in a lesser sentence. *See Anglemyer*, 868 N.E.2d at 491 (we will remand for resentencing only if we cannot "say with confidence that the trial court would have imposed the same sentence had it properly considered the reasons that enjoy support in the record."). Moreover, as we will discuss below, we do not find Mahmood's sentence inappropriate in light of the nature of the offense or his character, and therefore remand for resentencing would be unnecessary even if an abuse of discretion occurred in this case. *See Williams v. State*, 997 N.E.2d 1154, 1165 (Ind. Ct. App. 2013) (remand for resentencing unnecessary where appellate court concludes the sentence imposed was not inappropriate).

### Section 2 – Inappropriate Sentence

Mahmood invites this Court to reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "[W]hether we regard a sentence as appropriate at the end of

the day turns on our sense of culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). When reviewing the appropriateness of a sentence, we may consider all aspects of the penal consequences imposed by the trial court, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). "The question under 7(B) is not whether another sentence is *more* appropriate: rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

The sentencing range for a class C felony is between two and eight years, with the advisory sentence being four years. *See* Ind. Code § 35-50-2-6. As already noted, Mahmood received the advisory four-year sentence, with all but sixty days suspended to probation. We must acknowledge that because "the advisory sentence is the starting point our General Assembly has selected as an appropriate sentence for the crime committed, the defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*.

Here, a tragic accident occurred, Mahmood failed to stop, and a man died. While we agree with Mahmood that the nature of his offense is not significantly more egregious than the typical offense envisioned by our legislature when it determined the advisory sentence, the nature of his offense is certainly no less egregious either. Mahmood urges that his offense is less serious because he only briefly fled the scene of the accident and he did later

7

return and surrender to authorities. Nevertheless, as found by the trial court, the seriousness of his flight, however brief, was exacerbated by the fact that he continued to drive in a horribly damaged vehicle and in a physically injured and emotionally traumatized state, putting others on or near the road at risk. We do not believe that the nature of the offense merits a sentence reduction below the advisory.

As for Mahmood's character, the State concedes that Mahmood has no criminal history and by all accounts is a nice young man with impressive academic achievements. Mahmood's decision to not immediately stop after he struck Clingerman may well have been just an isolated and incredibly poor decision made as a result of the panic that he was experiencing. Be that as it may, we think that imposition of the advisory sentence, with the lion's share suspended, takes the entirety of these circumstances into account. Mahmood has failed to persuade us that the sentence imposed by the trial court is inappropriate, and therefore we decline his invitation to reduce his sentence.

Affirmed.

RILEY, J., and MATHIAS, J., concur.