## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 23 2020, 9:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darnell R. Brock,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 23, 2020

Court of Appeals Case No.
20A-CR-276

Appeal from the Marion Superior Court

The Honorable Alicia A. Gooden, Judge

Trial Court Cause Nos.
49G21-1804-F2-11218
49G21-1809-F2-30954
49G21-1810-F4-35728

**Shepard, Senior Judge.**

[1] The State opened three cases against Darnell R. Brock, charging him with the following offenses in total: eleven charges of dealing in or possessing controlled substances, possession of a handgun by a serious violent felon, and being a habitual offender. Brock pleaded guilty as charged without a plea agreement. The trial court entered judgment on eight of the eleven charges plus the sentencing enhancement and sentenced Brock to forty-six years, with four years suspended to community corrections. Brock appeals, and we affirm.

## Issues

[2] Brock raises two issues, which we restate as:

   I.   Whether the trial court abused its discretion in identifying aggravating sentencing factors; and

   II.  Whether Brock's sentence is inappropriate.

## Facts and Procedural History

[3] In July 2017, detectives with the Indianapolis Metropolitan Police Department ("IMPD") investigated Brock after receiving information that he dealt in controlled substances. The investigation culminated in the detectives visiting Brock at his home on August 8, 2017. Brock granted them written permission to search his home, and they found controlled substances and guns.

[4] On April 5, 2018,[1] the State filed charges in Case Number 49G21-1804-F2-11218 ("F2-11218"), alleging Brock had committed two counts of dealing in a narcotic drug weighing ten grams or more, both Level 2 felonies; three counts of possession of a narcotic drug, all Level 3 felonies; and unlawful possession of a firearm by a serious violent felon, a Level 4 felony. The State subsequently filed a habitual offender sentencing enhancement. Officers arrested Brock on April 7, 2018, and he was released on bond.

[5] Four months later, on August 2, 2018, IMPD detectives were dispatched to a towing company's impound yard to investigate a report of a possible controlled substance found in an impounded vehicle. When the detectives arrived, one of them recognized Brock, who was standing across the street from the yard.

[6] Inside the yard, the detectives learned that Brock had presented his identification to an employee of the company. Brock had then asked the employee to retrieve a personal item that was hidden in his car. The employee had opened a secret compartment, found a plastic bag containing a powdery substance, and called the police. Subsequent testing revealed the substance was heroin. Brock was gone by the time the detectives went back outside.

[7] Four weeks after that, on September 4, 2018, Brock failed to appear for a hearing in F2-11218, and a warrant was issued for his arrest. On September 14,

___

[1] The record does not provide an explanation for the gap in time between the search of Brock's home in 2017 and the filing of charges in 2018.

2018, the State filed charges arising from the salvage yard events, alleging Brock had committed the offenses of dealing in a narcotic drug weighing ten grams or more, a Level 2 felony, and possession of a narcotic drug, a Level 3 felony, in connection with the heroin that was found in his car. Cause Number 49G21-1809-F2-30954 ("F2-30954"). A warrant was issued for his arrest in that case.

[8] Next, on October 5, 2018, IMPD officers acting on a tip found Brock in a parking lot and arrested him. Officers searched his vehicle and discovered a variety of controlled substances. A few weeks later, the State opened Case Number 49G21-1810-F4-35728 ("F4-35728"), charging Brock with two counts of possession of a narcotic drug, both Level 4 felonies; possession of cocaine, a Level 5 felony; and possession of marijuana, a Class A misdemeanor.

[9] Brock pleaded guilty as charged in all three cases, without a plea agreement. On January 8, 2020, the trial court held a hearing, during which it accepted Brock's guilty plea in the three cases. The court declined to enter judgment on several counts based on double jeopardy. Next, the trial court sentenced Brock as follows, starting with F2-11218:

| Level 2 felony dealing in a narcotic drug | 18 years plus 8 years for the habitual offender enhancement |
| Level 2 felony dealing in a narcotic drug | 18 years |
| Level 3 felony possession of a narcotic drug | 15 years |
| Level 4 felony unlawful possession of a firearm by a serious violent offender | 12 years |

All sentences are to be served concurrently, for a total sentence of twenty-six years.

[10] In F2-30954, the court sentenced Brock to twenty years on one conviction of Level 2 felony dealing in a narcotic drug, with four years suspended to community corrections. It ordered Brock to serve this sentence consecutively to the sentence in F2-11218 but indicated that it would consider modifying this sentence after Brock served eight years.

[11] As for F4-35728, the court imposed the following sentences:

| Level 4 possession of a narcotic drug | 6 years |
| Level 4 possession of a narcotic drug | 6 years |
| Level 5 possession of cocaine | 3 years |
| Class A misdemeanor possession of marijuana | 180 days |

The sentences are to be served concurrently, for a total of six years. In addition, the court ordered Brock to serve the six-year sentence consecutively to the twenty-six-year sentence in F2-11218 but concurrently with the twenty-year sentence in F2-30954, for an aggregate sentence of forty-six years, with four years suspended to community corrections, plus the possibility of sentence modification in the future. This appeal followed.

# Discussion and Decision

## I. Sentencing – Aggravating Factors

Brock argues the trial court erred by considering an aggravating sentencing factor that was unsupported by evidence. Sentencing decisions rest within the sound discretion of the trial court. *Lamar v. State*, 915 N.E.2d 193 (Ind. Ct. App. 2009). We review the court's sentencing decision for an abuse of discretion. *Mays v. State*, 982 N.E.2d 387 (Ind. Ct. App. 2013). Among the ways in which the trial court may abuse its sentencing discretion is issuing a sentencing statement that explains reasons for imposing a sentence, "but the record does not support the reasons . . . ." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007).

The trial court determined that Brock's criminal history, his being on probation when he committed the offenses in F2-11218, and the nature and circumstances of the offenses were aggravating factors. In addition, as to F2-30954, the court noted as an aggravating factor that Brock was out on bond in F2-11218 when he committed the offense. While discussing the details of the nature and circumstances of the offenses, the court noted that in F2-11218, detectives found 150 grams of heroin and 21 grams of fentanyl in Brock's house, and in F2-30954, detectives found 45 grams of heroin in Brock's car.

Brock claims the trial court's discussion of specific drug amounts was unsupported by evidence. He appears to be correct. During the guilty plea and sentencing hearing, Brock admitted only that he dealt in controlled substances

in amounts that exceeded the levels set by the applicable statutes (ten grams). And the State explicitly declined the trial court's offer to present evidence, choosing instead to merely discuss the amounts of drugs at issue in its sentencing presentation.[2] For the sake of argument, the trial court may have erred in considering the specific amounts of the controlled substances to be part of the nature and circumstances of the offenses due to the lack of properly admitted supporting evidence. But even if the trial court is found to have abused its discretion in sentencing, the error is harmless if the sentence imposed was not inappropriate. *Mendoza v. State*, 869 N.E.2d 546 (Ind. Ct. App. 2007), *trans. denied*. We thus turn to Brock's inappropriateness claim.

## II. Sentencing - Inappropriateness

[15] Brock argues his forty-six-year sentence is too harsh and asks the Court to reduce it to forty-one years, with ten years served on community corrections and five years served on probation. Article 7, section 6 of the Indiana Constitution authorizes the Court to review and revise sentences. This authority is implemented through Indiana Appellate Rule 7(B), under which we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find the sentence is inappropriate in light of the nature of the offense and the character of the offender.

---

[2] The presentence investigation report does not identify the amounts of controlled substances relevant to each offense. In addition, although the report references the probable cause affidavits, the affidavits were not attached to the report.

[16]     The principle role of the Court's review under Appellate Rule 7(B) is to "attempt to leaven the outliers." *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018). Sentencing is principally a discretionary function, and deference to the trial court "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The defendant bears the burden of demonstrating that the sentence is inappropriate. *Robinson*, 91 N.E.3d at 577.

[17]     The advisory sentence is the starting point the General Assembly has selected as appropriate for the crime committed. *Pierce v. State*, 949 N.E.2d 349 (Ind. 2011). The General Assembly has also designated minimum and maximum sentences for each level of felony offenses. When Brock committed his offenses, the sentencing statutes provided:

| Offense | Advisory Sentence | Minimum Sentence | Maximum Sentence | Statute |
| --- | --- | --- | --- | --- |
| Level 2 felony | 17 and ½ years | 10 years | 30 years | Ind. Code § 35-50-2-4.5 (2014) |
| Level 3 felony | 9 years | 3 years | 16 years | Ind. Code § 35-50-2-5 (2014) |
| Level 4 felony | 6 years | 2 years | 12 years | Ind. Code § 35-50-2-5.5 (2014) |
| Level 5 felony | 3 years | 1 year | 6 years | Ind. Code § 35-50-2-6 (2014) |

| Class A misdemeanor | N/A | N/A | 1 year | Ind. Code § 35-50-3-2 (1977) |
|---|---|---|---|---|

Further, a trial court imposing a habitual offender enhancement may increase a felony sentence by six to twenty years. Ind. Code § 35-50-2-8(i) (2017).

[18] The trial court's sentences for Brock's convictions were for the most part only slightly above the advisory levels set by statute. The court imposed only one maximum sentence, on Brock's conviction of Level 4 felony unlawful possession of a handgun by a serious violent felon, and it ran that sentence concurrent. In addition, Brock's sentence for Level 3 felony possession of a narcotic drug was one year shy of the maximum. But the trial court also ordered Brock to serve a good many of the sentences in the three cases concurrently, such that the total sentence was well short of the maximum possible sentence the trial court could have imposed. Further, the trial court offered to consider modifying Brock's sentence in the future.

[19] Brock argues that the nature of his offenses is not egregious. We disagree. When we exercise our review and revision power under Indiana Appellate Rule 7(B), we may consider any evidence included in the record. *Spitler v. State*, 908 N.E.2d 694 (Ind. Ct. App. 2009), *trans. denied*.

[20] In F2-11218, Brock was on probation at the time the detectives began their investigation into his activities. Turning to F2-30954, Brock was out on bond in F2-11218 when he sought to retrieve the heroin from his impounded car, demonstrating that he was not deterred from committing crimes even when

facing serious criminal charges. Finally, in F4-35728, when the officers searched Brock's car after his arrest, they found an array of controlled substances that was more consistent with dealing, rather than possession for personal use. In short, the nature of the offenses shows Brock abjectly refused to comply with the law and intended to continue committing serious offenses.

[21] Turning to the character of the offender, Brock was thirty-five years old at sentencing. He has accumulated seven prior felony convictions: two counts of C felony possession of a handgun without a license; two counts of D felony possession of a narcotic drug; D felony resisting law enforcement; D felony possession of marijuana; and Level 3 felony dealing in a narcotic drug. The marijuana conviction and one of the handgun convictions were the predicate felonies for the habitual offender sentencing enhancement in F2-11218. In addition, Brock has prior misdemeanor convictions for driving with a suspended license (3 convictions), possession of marijuana, and possession of a controlled substance.

[22] Brock accrued his convictions over several years. In addition, over time he has escalated his criminal activity from possessing controlled substances to dealing in them. It also reflects poorly on Brock that he continues to possess firearms after repeated convictions. He has been afforded probation and home detention, and he has violated the terms of probation four times.

[23] Brock argues that he has taken responsibility for his crimes because he pleaded guilty without an agreement. While a guilty plea that provides no benefit to a

defendant is generally entitled to mitigating weight, such a plea "is not necessarily a significant mitigating factor" where the evidence of guilt is substantial. *Scott v. State*, 840 N.E.2d 376, 383 (Ind. Ct. App. 2006) (determining Scott's guilty plea was entitled to less weight because an eyewitness could identify Scott as the robber), *trans. denied*. In each of Brock's three cases, the evidence of his guilt was substantial. He has failed to demonstrate that his sentence is inappropriate. It follows that any error by the trial court in identifying aggravating sentencing factors was harmless.

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Riley, J., and Tavitas, J., concur.